UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THERMOVIEW INDUSTRIES, INC. | ) | Case No. 05-37123 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| THOMAS W. FRENTZ, TRUSTEE FOR | ) | |
| THERMOVIEW INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| vs. | ) | AP No. 07-3560 |
| STITES & HARBISON | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM**

This adversary proceeding comes before the Court on the Motion to Dismiss filed by the Defendant, Stites & Harbison. The trustee, Thomas W. Frentz, filed a response in opposition to the motion to dismiss. Upon consideration of the motion, the response, the reply, and the record in this case, the Court overrules the Motion to Dismiss.

**I.     STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

**II.    FACTS**

1.  ThermoView Industries, Inc., and its related entities filed petitions for relief under Chapter 11 on September 26, 2005. On that same date, the cases were assigned to the Honorable Judge Joan Lloyd.

2.  On October 3, 2006, the Debtor's case was converted to Chapter 7 of the Bankruptcy Code and the Trustee was appointed.

3. On September 21, 2007, the Trustee filed a Motion for Enlargement of Time wherein he indicated that several hundred preference actions were possible and that he needed additional time to properly review the claims. The Trustee stated that in "order to protect the estate and for the benefit of creditors, the Trustee asks that the limitations period be extended for thirty (30) days to and including November 2, 2007." He further cited Eleventh Circuit case law purporting to hold that the bankruptcy court has discretion to extend the time within which the Trustee may commence avoidance actions. In his prayer for relief, the Trustee requested the Court to enter an order "extending the limitations period for the recovery of preferential payments under 11 U.S.C. § 547 to and including November 2, 2002 [sic]."

4. No party in interest objected to the motion, and on September 27, 2007, Judge Lloyd entered an order granting the Trustee's Motion. The Order stated "IT IS HEREBY ORDERED that the limitations period for the recovery of preferential payments under 11 U.S.C. § 547 be, and hereby is, EXTENDED to and including November 2, 2007."

5. On October 9, 2007, Henry Plumbing, one of the potential preference action defendants, filed a Motion to Alter, Amend or Vacate the order granting the Trustee's motion for extension. The Trustee opposed this motion. Judge Lloyd allowed the parties until November 27, 2007, to file memoranda of law, but neither Henry Plumbing nor the Trustee, or any other party, filed any supplemental pleadings. Judge Lloyd then took the matter under submission.

6. While the Motion to Alter, Amend or Vacate was pending, on November 2, 2007, the Trustee filed his complaint initiating the above-captioned adversary proceeding, No. 07-03560. Count I of the complaint alleged that the Defendant received approximately

$39,177.96 in preferential transfers from the Debtors. Count II of the Complaint, entitled "Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 544(b) and KRS 378.060 and 378.070," alleged that the Debtors made "one or more transfers of an interest of the Debtors in property in an aggregate amount not less than $39,177.96 ... (collectively the § 544 Transfers) directly or to the benefit of the Defendants herein." In Count III of the Complaint, the Trustee alleged that "the Section 544 Transfers, to the extent they are avoided pursuant to …§ 544(b), may be recovered by the Plaintiff pursuant to 11 U.S.C. § 550(a)(1)."

7. On November 5, 2007, this adversary proceeding was transferred to this Court.

8. On November 28, 2007, the Defendant filed this dismissal motion, arguing that the Trustee initiated this action after 11 U.S.C. § 546 statute of limitations expired. The Defendant further argued that Judge Lloyd lacked the authority to enlarge the 11 U.S.C. § 546 limitations period.

9. On December 11, 2007, Judge Lloyd entered an order denying the Motion to Alter, Amend or Vacate and held:

> This is an exceedingly complex case in which the Trustee has pursued and filed nearly 400 adversary proceedings. It is clear that the Court has discretion to extend the time within which the Trustee may commence an avoidance action upon a showing of good cause. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure gives the Court authority "for cause" . . . "at any time in its discretion" to order the time within which an act is specified to take place enlarged. This includes the period of time for commencing avoidance actions under 11 U.S.C. §546(a). See, In re International Administrative Services, Inc., 408 F.3d 689, 690 (11th Cir. 2005).
>
> The case at bar presents a situation where good cause exists to extend the limitations period. The Trustee is actively pursuing hundreds of preference actions and the Court does not find that the his motion to

> extend the time within which to bring an action against Henry Plumbing Supply was for purposes of delay. Accordingly, the Court finds no reason to alter or amend its Order extending the deadline for bringing preference actions herein.

10. No party appealed or otherwise sought reconsideration of this order.

11. On December 13, 2007, the Trustee filed his response in opposition to the Defendant's Motion to Dismiss. The Trustee argued that the bankruptcy court had authority to enlarge the 11 U.S.C. § 546(a) period to file avoidance actions. The Trustee further argued that while his motion was inartfully drafted due to its omission of any reference to 11 U.S.C. § 546, it undoubtedly sought an enlargement of the limitations period in 11 U.S.C. § 546. He also notes no other limitations period for avoidance actions existed except for 11 U.S.C. § 546, thereby obviating the need to refer to that section. Finally, the Trustee referenced the order entered in the main case, holding that the bankruptcy court did have discretion to extend the limitations period for avoidance actions.

## III. LEGAL DISCUSSION

The Court first considers whether Judge Lloyd's order actually extended the avoidance deadlines as found in 11 U.S.C. § 546(a). Defendant argues that since the motion for extension and the corresponding order on that motion both failed to mention § 546, the § 546 deadlines were not extended. This Court does not agree. The motion for extension clearly identifies which deadlines the Trustee sought to extend, even without any reference to the Code section. This conclusion is reinforced when considering the language Judge Lloyd used when ruling upon the Motion to Alter, Amend or Vacate. In that order, Judge Lloyd specifically references the § 546 deadlines.

We next address the propriety of Judge Lloyd's order granting the extension. The Defendant contends that since the time limits imposed under § 546 are jurisdictional in nature, the bankruptcy

court lacks authority to expand or otherwise extend its jurisdiction, and consequently, Judge Lloyd's order should be considered a nullity. This Court is not an appellate court for Judge Lloyd's decisions. She ruled on this issue in the main bankruptcy case and no party appealed that decision. That decision serves as the law of the case.

Having recognized that this Court cannot "unring the bell," so to speak, we have still reviewed the relevant case law, and totally concur with Judge Lloyd's decision. Section 546(a) provides that:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of-
>
> (1) the later of-
>
> (A) 2 years after the entry of the order for relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). The Sixth Circuit did at one time view the time limits with § 546 as "jurisdictional" in nature. In Martin v. First Nat'l Bank of Louisville ( In re Butcher), 829 F.2d 596 (6th Cir.1987), the Sixth Circuit held that § 546(a) was "jurisdictional" and thus, it could not be enlarged by application of procedural rules governing time deadlines. Some years later, however, the Circuit revisited the issue of whether limitations periods are jurisdictional. In Bartlik v. United States Dept. of Labor, 62 F.3d 163 (6th Cir.1995), an *en banc* panel of the Circuit concluded that the "application of [Federal Rule of Appellate Procedure] 26(a), and likewise its counterpart [Federal Rule of Civil Procedure] 6(a), to calculate a limitations period does not 'expand' or

5

'enlarge' " a court's jurisdiction.  Id. at 166.  Although Bartlik does not directly address § 546 or Fed. R. Bankr. P. 9006(a), it effectively overruled the Butcher case.  This conclusion has been recognized by numerous other courts.  In re TML, Inc., 291 B.R. 400, 432 (Bankr. W.D. Mich. 2003) ("The statute of limitations in § 546 is not jurisdictional and may be waived by the parties."); Pugh v. Brook (In re Pugh), 158 F.3d 530, 536 n. 9 (11th Cir.1998) ("We also note that the holdings of Rust and Butcher have been overruled by the Sixth Circuit itself."); In re Commercial Financial Services, Inc., 294 B.R. 164 (Bankr. N.D. Okla. 2003); In re Outboard Marine Corp., 299 B.R. 488, 498 (Bankr. N.D. Ill. 2003).  As can be seen, the Defendant's reliance upon Butcher is misplaced.

Finally, while this Court acknowledges its duty to follow the precedents established by the Sixth Circuit, it would be remiss in not pointing out that the "jurisdictional" approach taken by the Sixth Circuit in Butcher has been well criticized by the other circuits, and generally held to be unsupportable by the other courts considering the issue.  In re International Administrative Services, Inc., 408 F.3d 689 (11th Cir. 2005) ("To read a jurisdictional bar into § 546 would lead to absurd results . . .."); Matter of Texas General Petroleum Corp., 40 F.3d 763 (5th Cir. 1994); Matter of Texas General Petroleum Corp., 52 F.3d 1330 (5th Cir. 1995); In re Pugh, 158 F.3d 530 (11th Cir. 1998); United Mine Workers of America, Intern. Union v. Dole, 870 F.2d 662 (D.C. Cir. 1989); In re Rodriguez, 283 B.R. 112 (Bankr. S.D.N.Y. 2001); In re Day, 82 B.R. 365 (Bankr. E.D. Pa. 1988); In re Shape, Inc., 138 B.R. 334 (Bankr. D. Me. 1992); In re Amdura Corp., 142 B.R. 433 (Bankr. D. Colo. 1992); Matter of Sutera, 157 B.R. 519 (Bankr. D. Conn. 1993); In re Art & Co., Inc., 179 B.R. 757 (Bankr. D. Mass. 1995); In re Klayman, 228 B.R. 805 (Bankr. M.D. Fla.1999).  Needless to say, Butcher has not withstood the test of time, and it is unlikely the Sixth Circuit would continue to adhere to Butcher's jurisdictional approach to the deadlines imposed under § 546.

To conclude, this Court finds that Judge Lloyd's order extending the deadline for the Trustee to commence avoidance actions encompassed the deadlines set forth in 11 U.S.C. § 546. Furthermore, her decision to extend the deadlines is the law of the case which this Court must follow. Finally, this Court's independent review of the issue causes it to find that the deadlines imposed by 11 U.S.C. § 546 are not jurisdictional and that the bankruptcy court has the discretion to extend the deadlines in appropriate circumstances. The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| THERMOVIEW INDUSTRIES, INC. et al. | ) | Case No. 05-37123 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| THOMAS W. FRENTZ, TRUSTEE FOR | ) | |
| THERMOVIEW INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| vs. | ) | AP No. 07-3560 |
| STITES & HARBISON | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the Defendant's Motion to Dismiss is **OVERRULED**.